# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-41024

United States Court of Appeals
Fifth Circuit

**FILED**
November 25, 2019

Lyle W. Cayce
Clerk

In the Matter of:  DONALD LEE CARDWELL,

Debtor

DAVID MCKINNON; BARBARA MARSHALL, L.P.; NORTH PONDEROSA, L.L.C.,

Appellants

v.

MARK WEISBART,

Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CV-405

Before WIENER, HIGGINSON, and HO, Circuit Judges.

PER CURIAM:*

Appellants David McKinnon, Barbara Marshall, L.P., and North Ponderosa, L.L.C. ("McKinnon Parties") appeal an order of the district court affirming the following decisions of the bankruptcy court: (1) applying

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41024

collateral estoppel to findings of fact litigated in Texas state court and (2) vacating its earlier order approving the sale of a 94-acre tract of land under Federal Rule of Civil Procedure 60(d)(3).[1] In so ruling, the district court relied on the state court's findings of fact and conclusions of law.

After the bankruptcy court applied collateral estoppel to the state court findings of fact and conclusions of law, and after the district court affirmed the bankruptcy court's decision, the Court of Appeals for the Fifth District of Texas at Dallas issued an opinion which may call into question the preclusive effect of the state trial court's findings of fact.[2]

We note that the bankruptcy court's conclusion, and the district court's subsequent agreement, that the McKinnon Parties committed fraud may well turn out to be correct. But the courts' extensive reliance on collateral estoppel makes it difficult for us to reconstruct how those courts would have reasoned in the absence of the state court findings of fact and conclusions of law. On remand, it would not surprise us if the courts reached the same result as before. But it is a decision they need to make in the first instance. We thus VACATE the order of the district court and REMAND this case to the district court for further consideration in light of the opinion of the Court of Appeals for the Fifth District of Texas at Dallas.

---

[1] Fed. R. Civ. P. 60(d)(3) ("This rule does not limit a court's power to set aside a judgment for fraud on the court").

[2] *McKinnon v. Gurley*, No. 05-16-00246-CV, 2018 WL 5291874, at *1 (Tex. App.—Dallas Oct. 25, 2018).